1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   LINDA PAUL,                                    NO.  C14-5282-MJP-JPD

11                        Plaintiff,

12          v.                                       REPORT AND
                                                     RECOMMENDATION
13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

14                        Defendant.

15

16          Plaintiff Linda Paul appeals the final decision of the Commissioner of the Social

17   Security Administration ("Commissioner") which denied her applications for Disability

18   Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

19   of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

20   administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

21   the Commissioner's decision be REVERSED and REMANDED for further administrative

22   proceedings.

23

24

REPORT AND RECOMMENDATION - 1

1

## I.    FACTS AND PROCEDURAL HISTORY

2        At the time of the most recent administrative hearing, plaintiff was a fifty-seven year

3    old woman with the equivalent of a high school education.  Administrative Record ("AR") at

4    497, 502.  Her past work experience includes employment in food service as a bartender at

5    various country clubs and golf clubs.  AR at 38, 502.  Plaintiff was last gainfully employed as a

6    bartender in 2006.  AR at 38, 126, 139, 502.

7        On December 31, 2008, plaintiff filed an application for SSI payments.  AR at 113-16,

8    485.  In addition, she protectively filed an application for DIB on January 2, 2009, alleging an

9    onset date of October 1, 2006.  AR at 113, 117, 460.  During the hearing, however, plaintiff

10   amended her alleged onset date to July 15, 2008.  AR at 460, 497-98, 503.  Plaintiff asserts that

11   she is disabled due to a right arm injury from a torn right rotator cuff, neck pain, right ankle

12   pain, alcohol dependence in remission, depressive disorder, post-traumatic stress disorder

13   ("PTSD"), and anxiety disorder.  AR at 34, 113-18, 132, 498.

14       The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 15,

15   56-59, 67-71, 460.  Plaintiff requested a hearing, which took place on January 3, 2011.   AR at

16   29-51.  On January 31, 2011, the ALJ issued a decision finding plaintiff not disabled and

17   denied benefits based on his finding that plaintiff could perform a specific job existing in

18   significant numbers in the national economy.  AR at 12-23.   The Appeals Council denied

19   plaintiff's request for review on June 14, 2012.  AR at 1-6.

20       Plaintiff then filed an action in this Court.  AR at 553-56.  Based on a stipulation by the

21   parties, AR at 551-52, the Court issued an Order and Judgment reversing the ALJ's decision

22   and remanding the case for further administrative proceedings.  AR at 547-50.  On April 2,

23   2013, the Appeals Council issued a remand order that vacated the ALJ's January 31, 2011

24   decision.  AR at 557-61.  Specifically, the Appeals Council noted that plaintiff had filed

REPORT AND RECOMMENDATION - 2

subsequent applications for DIB and SSI benefits that were granted, and plaintiff was therefore disabled commencing on February 1, 2011. AR at 559-60. Because "the period prior to February 1, 2011, requires further administrative proceedings," the Appeals Council remanded the case for a new hearing.

Following a hearing on October 23, 2013, AR at 460, 493-519, an ALJ issued a decision on December 4, 2013, finding plaintiff not disabled from July 15, 2008 until February 1, 2011. AR at 460-85. The Appeals Council denied the request for review, making the ALJ's December 4, 2013 ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). AR at 457-85. Thus, the period at issue in this case is from July 15, 2008 until February 1, 2011, the date that plaintiff was found disabled based upon her subsequent applications. AR at 460, 559.

On April 9, 2014, plaintiff timely filed the present action challenging the Commissioner's December 4, 2013 decision. Dkt. 3.

## II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

REPORT AND RECOMMENDATION - 3

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Paul bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

REPORT AND RECOMMENDATION - 4

1  national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

2  99 (9th Cir. 1999).

3       The Commissioner has established a five step sequential evaluation process for

4  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

5  404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

6  step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

7  any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

8  one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R.

9  §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the

10  Commissioner proceeds to step two.  At step two, the claimant must establish that she has one

11  or more medically severe impairments, or combination of impairments, that limit her physical

12  or mental ability to do basic work activities.  If the claimant does not have such impairments,

13  she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

14  impairment, the Commissioner moves to step three to determine whether the impairment meets

15  or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

16  416.920(d).  A claimant whose impairment meets or equals one of the listings for the required

17  twelve-month duration requirement is disabled.  *Id.*

18       When the claimant's impairment neither meets nor equals one of the impairments listed

19  in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

20  residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

21  Commissioner evaluates the physical and mental demands of the claimant's past relevant work

22

23       [1] Substantial gainful activity is work activity that is both substantial, i.e., involves
significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. §
24  404.1572.

REPORT AND RECOMMENDATION - 5

to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.      DECISION BELOW

On December 4, 2013, the ALJ issued a decision finding the following:

1.    The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2.    The claimant has not engaged in substantial gainful activity since July 15, 2008, the alleged onset date.

3.    The claimant has the following severe impairments: right shoulder adhesive capsulitis and subacromial bursitis, depression, and anxiety disorder, including generalized anxiety disorder and post-traumatic stress disorder.

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    After careful consideration of the entire record, the undersigned finds that during the period at issue, the claimant had the residual functional capacity to perform light work, which is defined in 20 CFR 404.1567(b) and 416.967(b) as work that involves lifting and carrying 20 pounds occasionally and 10 pounds frequently and standing and/or walking for up to 6 hours in an 8-hour workday.  She could occasionally climb ramps and stairs but no ladders, ropes and scaffolds.  She was able frequently to stoop, crawl, crouch, and kneel.  She could occasionally perform overhead reach with the right upper extremity.  She had to avoid concentrated exposure to hazards such as heights and moving machinery, as well as concentrated exposure to vibration.  The claimant was able to perform simple routine tasks in

work that involved no public contact and superficial contact with co-workers.

6.   The claimant is unable to perform any past relevant work.

7.   The claimant was born on XXXXX, 1956 and was 51 years old, which is defined as an individual "closely approaching advanced age" on the amended alleged disability onset date.[2]

8.   The claimant has at least a high school education and is able to communicate in English.

9.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.   The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2008, through the date of this decision.

AR at 460-85.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1.   Did the ALJ err by failing to evaluate the opinions of examining psychologist Kathleen S. Mayers, Ph.D.?

2.   Did the ALJ err by failing to provide germane reasons for rejecting the lay witness statement of Ms. Ramona Paul?

3.   Were the ALJ's RFC and hypothetical questions incomplete, such that substantial evidence did not support the step five finding?

Dkt. 17 at 1; Dkt. 20 at 2.

---

[2]   The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 7

1

VII.    DISCUSSION

2

    A.    <u>The ALJ Erred in Evaluating the Opinion of Examining Psychologist</u>
        <u>Kathleen S. Mayers, Ph.D.</u>

3

4

    Examining psychologist Kathleen S. Mayers, Ph.D., performed a psychological

5

evaluation of plaintiff on March 13, 2009.  AR at 247-52.  As a basis for her opinion, Dr.

6

Mayers reviewed a prior psychological evaluation by Dr. Neims dated December 1, 2008, and

7

also performed a clinical interview of plaintiff and mental status examination.  AR at 247.  Dr.

8

Mayers diagnosed plaintiff with depressive disorder NOS, general anxiety disorder, PTSD,

9

cannabis abuse (last reported use one year ago), amphetamine dependence (last use reported 30

10

years ago), and alcohol abuse (last use reported January 22, 2008). AR at 251.  She assessed

11

plaintiff with a GAF score of 54.[3]

12

    Dr. Mayers stated that plaintiff's "ability to adapt to a work-like setting is decreased by

13

her anxiety, PTSD and depression as well as her lengthy history of substance abuse.  She is

14

likely to be employable in the future, and is now stabilizing and considering what to do for

15

work.  She might be a good DVR candidate, as she will need to change occupations and should

16

no longer bartend."  AR at 251.  In the "medical source statement" portion of Dr. Mayers'

17

opinion, she opined that plaintiff's "judgment, reasoning and understanding are fair to poor.

18

Her memory skills were fair for the tasks presented.  Her concentration and task persistence are

19

good.  Her adaptability to a work-like situation is fairly good down the road, but she will

20

21

    [3] The GAF score is a subjective determination based on a scale of 1 to 100 of "the

22

clinician's judgment of the individual's overall level of functioning."  AMERICAN PSYCHIATRIC
ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32-34 (4th ed. 2000).

23

A GAF score falls within a particular 10-point range if either the symptom severity or the level
of functioning falls within the range.  *Id.* at 32.  For example, a GAF score of 51-60 indicates

24

"moderate symptoms," such as a flat affect or occasional panic attacks, or "moderate difficulty
in social or occupational functioning."  *Id.* at 34.

REPORT AND RECOMMENDATION - 8

1 probably need help in changing occupations and stabilizing without the use of substances."

2 AR at 251.

3        The ALJ summarized Dr. Mayers' opinion, and opined that "the undersigned has

4 considered this assessment and largely agrees."  AR at 478.  Specifically, the ALJ stated that

5 plaintiff's "performance on mental status examination shows that she is capable of performing

6 simple routine tasks, and the doctor's observations about her concentration and persistence

7 show that she would be able to sustain a full work schedule on a regular and continuing basis."

8 AR at 478.  In addition, the ALJ found that "the limitation to simple routine tasks should

9 accommodate the claimant's 'fair' judgment, reasoning, and understanding."  AR at 478.

10 The ALJ only expressed disagreement with the fact that "Dr. Mayers mentioned no impairment

11 in social functioning whatsoever."  AR at 478.  Based upon Dr. Neims' finding of moderate to

12 marked difficulty in social functioning, along with plaintiff's anxiety and PTSD, the ALJ

13 concluded that the overall medical opinion evidence supported an additional functional

14 limitation with respect to contact with the general public.  AR at 478.  In all other respects,

15 however, the ALJ gave Dr. Mayers' medical source statement "substantial weight."  AR at

16 478.

17        Plaintiff contends that the ALJ did not consider the entirety of Dr. Mayers' opinions

18 and findings. Dkt. 17 at 5.  Specifically, plaintiff asserts that the ALJ failed to resolve Dr.

19 Mayers' opinion that plaintiff was not able to work at the time of the evaluation, but could

20 possibly return to work in the future with help as required by 20 C.F.R. § 404.1527(a)(2) and

21 20 C.F.R. § 404.1527(f)(2)(iii).  Plaintiff points out that the medical evidence of record

22 demonstrated that despite plaintiff's participation in counseling with medication for her severe

23 mental health impairment, she was unable to return to work in the future and was, in fact,

24 found disabled by the SSA less than two years later on February 1, 2011.  *Id*. at 6 (citing AR at

REPORT AND RECOMMENDATION - 9

1    438-56).  Plaintiff argues that the weight of the medical evidence shows that between Dr.

2    Mayers' evaluation dated March 13, 2009 and plaintiff's award of benefits on February 1,

3    2011, plaintiff's mental health impairments did not improve, despite ongoing counseling and

4    medication.  *Id.* (citing AR at 209-317, 318-44, 345-402, 421-23,424-36, 672-85).  Thus,

5    plaintiff contends that the ALJ erred by affording Dr. Mayers' opinions and findings

6    substantial weight while failing to resolve the inconsistency that Dr. Mayers' indicated plaintiff

7    was incapable of fulltime employment at the time of the evaluation.  *Id.* at 9.

8            The Commissioner responds that the Court may draw two "reasonable inferences" from

9    the ALJ's decision as a whole.  Dkt. 20 at 10.  First, the Commissioner asserts that the Court

10   should infer that the ALJ "largely" agreed with only the portion of Dr. Mayers' medical source

11   statement concerning plaintiff's judgment, reasoning, understanding, memory skills,

12   concentration, and task persistence to the extent that the ALJ found that it showed that plaintiff

13   was capable of performing simple routine tasks and would be able to sustain a full work

14   schedule on a regular and continuing basis.  *Id.* at 12 (citing AR at 251).  Second, the

15   Commissioner asks the Court to infer that "the ALJ rejected . . . [the] aspect of [Dr. Mayers']

16   medical source statement opinion that Plaintiff's '[a]daptability to a work-life situation is fairly

17   good down the road, but she will probably need help in changing occupations and stabilizing

18   without the use of substances' [AR at 251] because the ALJ found that Plaintiff's alcohol and

19   marijuana dependence were no longer affecting her functioning to a significant degree for at

20   least 12 months into the period at issue [AR at 463] and because the ALJ did not find that

21   Plaintiff could perform her past relevant work as a bartender but instead found that she . . .

22   could perform other work as a seedling sorter, a small parts assembler, and a tagger[.]"  *Id.* at

23   11.  The Commissioner therefore "disagrees with Plaintiff's assertions that the ALJ did not

24

REPORT AND RECOMMENDATION - 10

1   consider the entirety of Dr. Mayers' opinions and findings, and did not resolve Dr. Mayers'

2   opinion that she was not able to work at the time of the evaluation." *Id.*

3          The Court, however, is not persuaded by the Commissioner's arguments. As discussed

4   above, the ALJ expressly identified the aspect of Dr. Mayers' opinion that she disagreed with –

5   Dr. Mayers' failure to assess any limitations in social functioning. AR at 478. The ALJ stated

6   that "aside from this omission in Dr. Mayers's assessment, the undersigned gives her medical

7   source statement substantial weight." AR at 478. The ALJ's decision also provides no basis

8   for inferring that the ALJ considered, but rejected, Dr. Mayers' conclusion that plaintiff was

9   currently unable to work due to a combination of anxiety, PTSD, depression, and her lengthy

10  history of substance abuse, but her "[a]daptability to a work-life situation is fairly good down

11  the road" if plaintiff gets help "changing occupations and stabilizing without the use of

12  substances." AR At 251. On the contrary, by finding that plaintiff was currently capable of

13  performing several other representative jobs in the national economy, the ALJ's decision

14  directly conflicted with Dr. Mayers' medical source statement.

15         Accordingly, this case must be REVERSED and REMANDED. On remand, the ALJ

16  shall reconsider Dr. Mayers' opinion in its entirety. Specifically, the ALJ shall discuss Dr.

17  Mayers' finding that plaintiff was unable to work as a result of her anxiety, PTSD, depression,

18  and history of substance abuse, but may be able to work in the future with appropriate

19  treatment. If the ALJ disagrees with Dr. Mayers' opinion, she must articulate legally sufficient

20  reasons for reaching this conclusion.

21         Plaintiff asks for payment of benefits because "the medical evidence from two

22  examining physicians and [a] treating counselor [showed] that Plaintiff's severe depression and

23  anxiety continued to prevent her from sustaining fulltime employment despite ongoing

24  counseling and medication." Dkt. 17 at 9. However, as the Commissioner points out, plaintiff

1   did not assign error to the ALJ's consideration of these physicians or counselors' opinions in

2   her opening brief.  To the extent that plaintiff attempts to do so for the first time in her reply

3   brief, these arguments are waived.  *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169,

4   1177 n.8 (9th Cir. 2009) ("arguments not raised by a party in an opening brief are waived.")

5   (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).  On remand, however, if the

6   ALJ finds that Dr. Harmon's opinions relate to the relevant period, the ALJ should also discuss

7   her opinions.  AR at 672-85.  In light of plaintiff's subsequent favorable determination based

8   on subsequent applications, the ALJ should also call a medical expert to opine as to the onset

9   of disability prior to February 1, 2011, if such testimony would be useful.

10         B.      The ALJ Erred by Failing to Provide Germane Reasons for Rejecting the Lay
                   Witness Statement of Ms. Ramona Paul

11         Plaintiff argues that the ALJ erred by failing to provide a specific and germane reason

12   for rejecting the lay opinion of plaintiff's mother, Ramona Paul.  Dkt. 17 at 10.  Specifically,

13   Ms. Paul reported significant limitations in plaintiff's activities of daily living and social

14   functioning, including plaintiff's difficulties being around men.  AR at 189-90.

15         In order to determine whether a claimant is disabled, an ALJ may consider lay-witness

16   sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well

17   as "non-medical" sources, such as spouses, parents, siblings, and friends.  *See* 20 C.F.R. §

18   404.1513(d).  Such testimony regarding a claimant's symptoms or how an impairment affects her

19   ability to work is competent evidence, and cannot be disregarded without comment.  *Dodrill v.*

20   *Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  If an ALJ chooses to discount testimony of a lay

21   witness, he must provide "reasons that are germane to each witness," and may not simply

22   categorically discredit the testimony.  *Dodrill,* 12 F.3d at 919.

23         The ALJ summarized Ms. Paul's lay witness statement in detail, and then noted that she

24

REPORT AND RECOMMENDATION - 12

1   "has considered these statements, but they do not convince the undersigned that the claimant's

2   functioning is more restricted than described in the residual functional capacity.  For the

3   reasons provided above, the undersigned instead relies on the opinions of the state agency

4   medical and psychological consultants."  AR at 482.

5          Plaintiff contends that the ALJ "failed to provide specific, germane reasons as to how

6   the State agency physicians' opinions differentiated from the lay witness statement."  Dkt. 17

7   at 11.  Plaintiff argues that the ALJ instead merely provided general boilerplate language in

8   assessing Ms. Paul's declaration.  Dkt. 22 at 5.

9          The Commissioner responds that the ALJ properly provided germane reasons for

10   rejecting Ms. Paul's opinions because inconsistency with the medical evidence is a germane

11   reason for the ALJ to discount lay witness testimony.  The Commissioner acknowledges that

12   the ALJ fails to "link" this reason to any specific medical opinion evidence, but contends that

13   "a reasonable inference may be drawn from the ALJ's statement and the rest of the ALJ's

14   decision regarding the ALJ's discussion of evidence that supported her residual functional

15   capacity finding[.]"  Dkt. 20 at 15.

16          The Court, however, declines the Commissioner's invitation to speculate about

17   precisely what medical evidence the ALJ found to be inconsistent with Ms. Paul's opinion.

18   The ALJ wholly dismissed Ms. Paul's declaration without identifying *what* medical opinion

19   evidence the ALJ was crediting or *how* that evidence was inconsistent with Ms. Paul's

20   declaration. The Commissioner proffers several post hoc rationalization for the ALJ's decision,

21   but the Commissioner's arguments are not a proper basis to affirm the ALJ.  *See Bray v.*

22   *Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (providing that the Court reviews the

23   ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc

24

REPORT AND RECOMMENDATION - 13

1    rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing,

2    inter alia, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

3         Thus, the ALJ did not provide a specific and germane reason for rejecting Ms. Paul's

4    testimony.  On remand, the ALJ shall also reconsider Ms. Paul's opinion.  If the ALJ chooses

5    to discount lay testimony, she must provide "reasons that are germane to each witness."

6         C.    On Remand, the ALJ Shall Reconsider Plaintiff's RFC and Step Five Finding

7         Plaintiff's remaining assignment of error regarding the ALJ's RFC assessment and step

8    five finding is essentially a restatement of her arguments regarding the medical evidence and lay

9    witness evidence in this case.  Dkt. 17 at 11.  As discussed above, this case is being remanded for

10   a reevaluation of Dr. Mayers' opinion as well as the other source testimony of Ms. Paul.  The

11   ALJ's RFC assessment and conclusions at step five of the sequential evaluation process are

12   inescapably linked to her prior conclusions regarding this evidence.  Accordingly, the ALJ's

13   RFC assessment and findings at step five are also reversed and remanded.

14                          VIII.   CONCLUSION

15         For the foregoing reasons, the Court recommends that this case be REVERSED and

16   REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

17   instructions.  A proposed order accompanies this Report and Recommendation.

18         Objections to this Report and Recommendation, if any, should be filed with the Clerk

19   and served upon all parties to this suit by no later than **December 30, 2014**.  Failure to file

20   objections within the specified time may affect your right to appeal.  Objections should be

21   noted for consideration on the District Judge's motion calendar for the third Friday after they

22   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

23   objections.  If no timely objections are filed, the matter will be ready for consideration by the

24   District Judge on **January 2, 2015**.

REPORT AND RECOMMENDATION - 14

1         This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

2    seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

3    assigned District Judge acts on this Report and Recommendation.

4         DATED this 16th day of December, 2014.

5

6                              _____

7                             JAMES P. DONOHUE
                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 15